IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KETURAH ANDERSON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| POLICE OFFICER JOHN DOE I, et al., | : | No. 11-6267 |
| Defendants. | : | |

**MEMORANDUM OPINION**

TIMOTHY R. RICE                                                            December 20, 2012
U.S. MAGISTRATE JUDGE

Plaintiff Keturah Anderson seeks to amend her Complaint more than one year after it was filed to add four police officers as defendants. Because the statutes of limitation on her claims have expired and the claims cannot relate back to the date her Complaint was filed, her proposed amendments are futile. I therefore deny her request to amend and dismiss the case.

I.     Background

On September 30, 2011, hours before the statutes of limitation on her claims expired, Anderson filed a Complaint against four "John Doe" Philadelphia police officers and the City of Philadelphia.[1] See Compl. (doc. 1). She alleged the unnamed officers violated her state and federal constitutional rights to be free from excessive force and committed assault and battery during her September 30, 2009 arrest. See id. ¶¶ 24-32. She also alleged the City had a policy, custom, or practice that allowed the use of excessive force by the police. See id. ¶¶ 33-37.

Anderson served the Complaint on the City almost three months later, on January 5, 2012. See Aff. of Service (doc. 2). The City Solicitor filed an Answer with affirmative defenses for the City on February 4, 2012. It denied certain allegations about the John Does, stating they

---
[1]     Plaintiffs generally use "John Does" in a complaint when they have not identified the police officers involved in the underlying incident.

"are addressed to defendants other than the Answering Defendants." See Answer (doc. 3), ¶¶ 3-10. It also denied allegations regarding the police officers' actions and provided an alternative version of the underlying events. See id. ¶¶ 13-23. Most of the remaining allegations were denied as legal conclusions or for lack of information. See id. ¶¶ 27-37.

In April and May 2012, I entered scheduling orders directing that discovery end by July 27, 2012, dispositive motions be filed by September 14, 2012, and set the trial for December 3, 2012.[2] On September 6, 2012, I extended the discovery deadline to September 21, 2012 at the parties' request.

On October 15, 2012, the City sought summary judgment, claiming there was no evidence showing it had a pattern or practice of engaging in excessive force. See City's Bf. in Supp. of Mot. for Summ. J. (doc. 17), at 6-7. The City also noted Anderson had not yet named or served the John Doe defendants and the statutes of limitation had expired on her claims. See id. at 5 n.1. Anderson agreed to "voluntarily withdraw[]" her claim against the City, but asserted her claims against the John Does "should be allowed to proceed to a jury." Anderson's Bf. in Support of Resp. to Mot. for Summ. J. (doc. 18), at 5. She noted she should be permitted to amend her Complaint to name the actual police officers, with the amendments relating back to her Complaint filing date. See id. at 5 n.1.

I granted summary judgment for the City and directed Anderson to seek leave to amend her Complaint to identify the John Doe defendants and address whether the amendments should relate back to the Complaint's filing date. Anderson filed her motion on October 26, 2012,

---

[2] In March 2012, the Honorable John R. Padova, U.S. District Court Judge, entered a scheduling order directing that discovery end by June 29, 2012 and the case be placed in the civil trial pool on September 3, 2012. With the parties' consent, Judge Padova transferred the case to me in April 2012.

attaching a proposed amended complaint naming the four actual police officers as defendants.[3] See Mot. for Leave to Amend (doc. 22). The City opposed Anderson's motion, and I heard oral argument on November 19, 2012.[4] On December 19, 2012, I held an evidentiary hearing during which former counsel for the City and two of the four actual police officers testified about their communication regarding Anderson's Complaint.[5]

II.     Legal Standard

A party seeking to amend her complaint more than twenty-one days after a responsive pleadings has been filed may do so "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). The court "should freely give leave [to amend] when justice so requires," id., meaning amendments should be allowed unless there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or the] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988).

---

[3]     The four police officers named in the proposed amended complaint are Police Officers Michelle Glenn, Paul Guercio, Edward Victor, and Brian Thomas.

[4]     Anderson has suggested that the City does not have standing to contest her Motion for Leave to Amend because it has been dismissed from the case. See Anderson's Reply Bf. (doc. 25), at 3 n.2. The City explained during oral argument that it has an interest in Anderson's motion because it will have to represent the officers if they are added to the lawsuit. Based on this potential duty, the City's similar potential obligations to indemnify the officers, and Anderson's claims that the City Solicitor already is representing the officers, the City has a substantial interest in Anderson's motion and therefore properly filed a response. See Garvin v. City of Philadelphia, 354 F.3d 215, 219 n. 5, 224, n.12 (3d Cir. 2003) (accepting City's brief after City was dismissed because of its interest in the issues).

[5]     I heard testimony from Margaret Fenerty, Esquire, formerly of the City Solicitor's Office, who represented the City until September 28, 2012, Officer Glenn, and Detective Guercio. Anderson and the City stipulated that Officer Victor's and Officer Thomas' testimony would be the same as Detective Guercio's.

3

Leave to amend is futile if the proposed amendments are barred by the statutes of limitation. See Garvin, 354 F.3d at 222. Excessive force claims under the United States and Pennsylvania Constitutions must be brought within two years of the alleged wrongful act. See Owens v. Okure, 488 U.S. 235, 249-50 (1989) (section 1983 claims are subject to state statutes of limitation for personal injury actions); 42 Pa. C.S. § 5524(7) (two-year limitation period for action seeking personal injury damages). A two-year statute of limitation period likewise applies to assault and battery claims under Pennsylvania law. See 42 Pa. C.S. § 5524(1).

Using "John Doe" in place of an actual defendant will not toll the statutes of limitation. See Garvin, 354 F.3d at 220. Amendments that replace "John Doe" defendants with the actual defendant, however, may relate back to the date the complaint was filed if a three-part test in Rule 15(c)(1)(C) is satisfied: (1) the amendments assert a claim that arose out of the conduct or occurrence set out in the original complaint; (2) within the time period provided by Rule 4(m), the proposed new party "received such notice of the action that it will not be prejudiced in defending on the merits;" and (3) within that same time period, the proposed new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); see also Garvin, 354 F.3d at 222.

Rule 15(c)(1)(C)'s notice requirement is satisfied if the proposed new party had actual or constructive notice of the lawsuit within the period provided by Rule 4(m). See Singletary v. Dep't of Corrections, 266 F.3d 186, 195 (3d Cir. 2001); Garvin, 354 F.3d at 222-23. Constructive notice can be demonstrated by showing: (1) evidence of a shared attorney relationship between a party named in the original complaint and the party sought to be added, and (2) some communication or relationship between the shared attorney and the John Doe

defendant during the period provided by Rule 4(m).⁶ See Singletary, 266 F.3d at 196; Garvin, 354 F.3d at 225.

Rule 4(m) generally requires that a complaint be served on a defendant within 120 days of its filing. The court must extend this period for an appropriate time "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m); see also MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1096-97 (3d Cir. 1995). Absent good cause, the court has discretion to extend the time for service. See MCI Telecomms. Corp., 71 F.3d at 1098 (citing Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995)).

III.     Discussion

The pivotal inquiry in deciding Anderson's motion for leave to amend is whether her amendments are futile because they are barred by the statutes of limitation.⁷ The limitation periods on Anderson's constitutional and assault and battery claims against the officers expired on September 30, 2011, the day she filed her Complaint.⁸ These periods could not be tolled because she named "John Does" as defendants. See Garvin, 354 F.3d at 220. Anderson's claims against the officers, however, may relate back to the date she filed her Complaint if she can

---

⁶       Notice also may be imputed where there is an "identity of interest" between a party named in the original complaint and the party sought to be added. Singletary, 266 F.3d at 197. This "generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Id. Anderson does not seek to impute notice on the John Does through this method because police officers do not share a sufficient nexus with their employers to impute notice on them through this method. See Garvin, 354 F.3d at 227.

⁷       The City also has argued that Anderson's motion must be denied because she was dilatory and acted with undue delay. The statute of limitation issue, however, is pivotal because if the limitation periods are expired, Anderson's motion is fruitless even absent undue delay or dilatory actions. See Garvin, 354 F.3d at 222.

⁸       September 30, 2011 is two years after Anderson's September 30, 2009 arrest.

5

satisfy Rule 15(c)(1)(C).

The first element of the Rule 15(c)(1)(C) test is undisputed. The proposed amendments against the actual officers "arose out of the conduct . . . or occurrence set out . . . in the original [complaint]," namely the officers' alleged actions during Anderson's September 30, 2009 arrest. See Fed. R. Civ. P. 15(c)(1)(B); Compl. ¶¶ 1-23.

The second element, which requires that Anderson show the actual officers had notice of her lawsuit within the time provided by Rule 4(m), is hotly contested. See Singletary, 266 F.3d at 195; Garvin, 354 F.3d at 222-23. Anderson maintains the actual officers had notice of her lawsuit because they share an attorney with the City. She claims the City Solicitor has represented the actual officers "every step of the way" by: (1) denying allegations against the officers in the City's Answer and setting forth their version of the facts; (2) producing the officers' statements in police internal affairs and investigative reports as part of discovery; (3) stating that the officers named in the City's initial disclosures can be contacted through the City Solicitor; and (4) stating that the City Solicitor is counsel for Police Officer Michelle Glenn during Glenn's September 28, 2012 deposition. See Anderson's Bf., at 8.

Notice can be imputed on the officers under the shared attorney method only if Anderson shows there was a communication or shared attorney relationship between City Solicitor and the officers about her lawsuit "within the period provided by Rule 4(m)." Fed. R. Civ. P. 15(c)(1)(C); see also Singletary, 266 F.3d at 196; Garvin, 354 F.3d at 225. Anderson has not established that there was any such communication or relationship during Rule 4(m)'s general 120-day service period, which expired on January 28, 2012. The City Solicitor did not even enter its appearance for the City until filing the City's Answer one week after that date, on February 4, 2012. Anderson argues that the City Solicitor must have communicated with the

four officers about the lawsuit before filing the City's Answer because it included information that could have come only from the four officers.[9] However, former counsel for the City and the four officers swore there was no such communication.[10] Counsel testified that she obtained the information within the Complaint solely from police department files and I find that testimony credible.

Anderson also has argued that she should be entitled to show that there was a communication or shared attorney relationship between the City Solicitor and the four officers beyond Rule 4(m)'s general 120-day period because she has "good cause" for extending that period under the rule.[11] See Reply Bf., at 4-5; see also Fed. R. Civ. P. 4(m). However, even if an extension under Rule 4(m) were to allow more time for establishing notice under Rule 15(c)(1)(C),[12] Anderson is not entitled to the indefinite extension she is seeking because she fails

---

[9] Anderson also suggested during the evidentiary hearing that the City Solicitor represented the four officers when it filed the City's Answer. The City Solicitor, however, made clear in its Answer that it did not represent the officers, stating it was denying the first set of allegations relating to the officers because they were "addressed to defendants other than the Answering Defendants." Ans. at ¶¶ 3-10. Although the City denied other allegations against the officers for different reasons, those denials did not establish it was acting as counsel for the officers, particularly as its own liability depended in part on the allegations against the officers.

[10] Counsel testified she only spoke to Police Officer Glenn before her September 2012 deposition. Counsel stated she has never communicated or met Detective Guercio, or Officers Victor and Thomas. Detective Guercio confirmed this during his testimony.

[11] Anderson does not specify the length of her proposed extension. Because she has yet to serve the four officers and cannot do so unless her Complaint is amended to include them, she presumably wants an extension until allowed to amend, i.e., an extension of more than 300 days from the required service date.

[12] As Anderson noted at oral argument, the Advisory Committee Notes to Rule 15(c)(1)(C) suggest that an extension of Rule 4(m)'s 120-day service period allows for more time under Rule 15(c)(1)(C)'s second prong:

> In allowing a name-correcting amendment within the time allowed by Rule 4(m), [Rule 15(c)(1)(C)] allows not only the 120 days specified in that rule, but also any

7

to show the requisite "good cause."

"Good cause" under Rule 4(m) depends on: (1) "the reasonableness of plaintiff's efforts to serve" the defendants; (2) prejudice to the defendant by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve. See MCI Telecomms. Corp., 71 F.3d 1086, 1097 (3d Cir. 1995) (citing United States v. Nuttall, No. 87-541-JLL, 122 F.R.D. 163, 166-67 (D. Del. 1998)). Although "prejudice may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id.

Anderson has made no attempt to serve the actual officers or obtain an extension of Rule 4(m)'s 120-day service period. She argues she was precluded from doing so because she did not know the officers' identities. She claims: "[t]he City did not provide . . . the names of the officers present at the time of the assault until February 23, 2012, well after the statutory time for service of these officers." Reply Bf., at 5. Yet, Anderson took no action to compel the City to provide her with this information earlier.[13] See Garvin, 354 F.3d at 222 n.6 (plaintiff, who filed

---

> additional time resulting from any extension ordered by the court pursuant to [Rule 4(m)], as may be granted, for example, if the defendant is a fugitive from service of the summons.

Fed. R. Civ. P. 15 advisory committee note (1991 Amendment). Courts, however, are divided on whether a Rule 4(m) extension also creates a longer period under Rule 15(c)(1)(C). Compare Arthur v. Maersk, Inc., 434 F.3d 196, 207 (3d Cir. 2006) (notice must be had "within 120 days of institution of the action"); Singletary, 266 F.3d at 194 (same); Garvin, 354 F.3d at 220 (same); E.H. v. Sch. Dist. of Phila., No. 08-2392, 2009 WL 4911936, *4 (E.D. Pa. Dec. 21, 2009) (declining to "engage in a 'good cause' analysis because [Rule 15(c)(1)(C)] says nothing about a 'good cause' exception"), with Green v. Robinson, 112 F. App'x 165, (3d Cir. 2004) (considering whether plaintiff had good cause for not serving defendant in 120-day period as part of Rule 15(c)(1)(C) analysis), Gipson v. Wells Fargo Corp., 382 F. Supp. 2d 116, 122 (D.D.C. 2005) (applying extended Rule 4(m) period to Rule 15(c)(1)(C) analysis), Wilke v. Bob's Route 53 Shell Station, 36 F. Supp. 2d 1068, 1073 (N.D. Il. 1999) (same).

[13]  Anderson states that "[b]ecause the City did not return the Waiver of Summons, [she] was forced to personally serve the City on January 4, 2012," which meant that the City was not required to file its Answer until after the 120-day service period. Reply Bf., at 5. Anderson,

8

her action near the end of the statute of limitation period "could have attempted to expedite the matter by filing a motion to compel the City to provide its initial disclosures"); see also Fed. R. Civ. P. 27 (allowing pre-complaint discovery). Even after receiving the officers' names in February 2012, Anderson did not timely move to amend her Complaint to add the actual officers as defendants or seek an extension of the service period. Rather, she waited another eight months to seek leave to amend, doing so only when ordered.

Anderson claims she needed to depose the officers to obtain sufficient information to assert claims against them and, because of scheduling issues, she did not have the opportunity to depose an officer until September 28, 2012. Anderson, however, never sought my assistance in resolving these issues, even though the statutes of limitation on her claims had expired, Rule 4(m)'s general 120-day service period had expired, and the discovery deadline and December 3, 2012 trial date loomed.

Given these circumstances – and because I find that the actual officers would be prejudiced if added as parties and served now -- more than three years after the alleged incident and well after the discovery period and the dispositive motion deadline have passed[14] – Anderson

---

however, cannot blame her almost three-month delay in serving the City on its failure to return a waiver. Because serving the City was imperative to moving her case forward and ascertaining the John Does' identities, she needed to ensure the City was served shortly after filing her Complaint. See Reply Bf., at 5 ("As the four officers were servants and employees of the City . . . the City was the only entity plaintiff could serve to learn their identity."); see also Garvin, 354 F.3d at 222 n.6 (plaintiff's problems with ascertaining John Does' identities within the 120-day service period were "self inflicted as they were attributable to her delay in bringing [the] case"); Petrucelli, 46 F.3d at 1307 (counsel should "[t]reat the 120 days with the respect reserved for a time bomb").

[14]   Anderson argues that the officers cannot be prejudiced because they were aware of a complaint that she filed with the police department's Internal Affairs Division shortly after her arrest. However, the officers' awareness of that internal complaint, which concerns a potential violation of police policies, does not equate to knowledge of a lawsuit filed in federal court.

has not shown "good cause" for an extension of Rule 4(m)'s 120-day service period.[15] See MCI Telecomms. Corp, 71 F.3d at 1097-98 (district court abused its discretion in finding good cause for an extension when plaintiff never moved for an extension of time and failed to explain why it waited more than three months to serve the defendant after obtaining the defendant's address); Gonzalez, 268 F.R.D. at 527 ("[T]he more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service.").

Because Anderson cannot show that the actual officers had any notice of her lawsuit within Rule 4(m)'s 120-day service period or that she is entitled to an extension of this period, she cannot satisfy the second element of Rule 15(c)(1)(C)'s relation-back test. I do not need to consider the test's third element. See Garvin, 354 F.3d at 228 n.18. Anderson's amendments naming the actual officers must be denied as futile because they are barred by the statutes of

---

[15] Even absent good cause, I have the discretion to extend Rule 4(m)'s 120-day service period. See MCI Telecomms. Corp., 71 F.3d at 1098. Discretionary relief may be justified "if the statute of limitations would bar the refiled action or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4 advisory committee note (1993 Amendments). Other relevant factors include actual notice of the legal action by the defendant and prejudice. See Gonzalez, 268 F.R.D. at 528. "[A] finding of one of these factors does not necessitate an extension of time. . . ." Id.

Anderson has not suggested that the actual officers concealed their identities or evaded service. Officer Glenn testified that she learned of the action in September 2012 - two years after it was filed. The other officers testified that they had no knowledge of this lawsuit until days before the December 2012 evidentiary hearing. Although the statute of limitations will bar Anderson from refiling this action, I decline to exercise my discretion to extend the 120-day service period. See Petrucelli, 46 F.3d at 1306 (emphasizing that "a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred"). Because Anderson made no attempt to amend her Complaint within the limitations period or Rule 4(m)'s 120-day service period, granting an extension of the service period based on the expiration of the limitations period would "effectively eviscerate Rule 4(m) and defeat the purpose of statutes of repose." Id. at 1305 n.7.

limitation. See Garvin, 354 F.3d at 222.[16]  Her case is dismissed.

An appropriate order follows.

BY THE COURT:

/s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[16]  Anderson contended at oral argument that Garvin is distinguishable because, unlike the City Solicitor here, the City Solicitor in Garvin did not take steps showing that it represented the "John Doe" police officers.  Garvin, however, explained that even if there is a shared representation between an originally named party and a party sought to be added, there also must be evidence of some communication or relationship during Rule 4(m)'s 120-day service period. 354 F.3d at 225.  The absence of such evidence bars Anderson from satisfying Rule 15(c)(1)(C).